## Bentley *et al. vs.* Johnson.

1. Where a mule is sold on credit and title is reserved in the vendor until payment, and before payment is due, the mule dies without fault in the vendee, can the vendor recover on the note for purchase money, *quære?*
2. Where the defendant sets up no absolute warranty of soundness, but depends on the ground of a failure of consideration in this, that plaintiff agreed that if the mule did not live to make the crop of that year he would furnish another mule worth $150.00, and that the mule did not live to make the crop, but was wholly worthless, and introduced proof to that effect, and that no tender of such other mule had been made:

*Held,* that defendant was entitled to have that issue submitted to the jury, and that the court erred in charging the jury that, "if you are satisfied from the evidence that at the time of the sale of the mule (the consideration of the contract sued on), the plaintiff expressly refused to warrant the soundness of the mule, then you should find for the plaintiff, even if you believe the mule was diseased when sold and died of the same disease," and in failing to charge to the effect that if the contract was as set up by defendant, and the mule was diseased at the time of sale and died of that disease without making the crop, and plaintiff had not tendered another mule according to contract, then plaintiff could not recover.

Contracts. Charge of Court. Before Judge Lawson. Wilkinson Superior Court. April Term, 1879.

Johnson brought complaint against Bentley and wife on a note dated February 13, 1875, due November 1st after date, for $150.00, for " a black horse mule." In the note were these words: " We agree that Thomas Johnson holds the right and title to said mule until paid for." Defendants pleaded the general issue and also failure of consideration as follows: That at the time they bought the mule plaintiff's agent, who negotiated the trade, warranted him to be sound, and agreed that if he was unsound and should die, he (the agent) would furnish to defendants a sound mule worth $150.00; that the mule was diseased at the time of the trade, and afterwards died of such disease; wherefore they pleaded total failure of consideration.

The evidence on behalf of defendants showed that one Hogwood was the agent of Johnson in the sale of the mule; that he agreed that if the mule was unsound and should die before making the crop, he would furnish the defendants another good one in his place; that very shortly after the trade the mule showed symptoms of disease, and soon became worthless, and died before making a crop; that proper care, etc., was used, and that the mule had not been replaced.

The evidence for plaintiff was to the effect that Hogwood expressly refused to warrant the mule; but he states in his testimony that he might have said that if the mule did not answer the purpose for which he was bought (the making of a crop), he would give defendants another, although he did not remember such a statement. Plaintiff's evidence also showed apparent soundness of the mule; and that plaintiff personally was not present and knew nothing of the warranty claimed.

The jury found for plaintiff. Defendants moved for a new trial on the following grounds:

(1). Because the verdict was contrary to law and evidence.

(2). Because the court admitted in evidence, over defendants' objection, the instrument sued on.

(3). Because the court charged as follows : " Gentlemen of the jury, if you are satisfied from the evidence, that at the time of the sale of the mule (the consideration of the contract sued on), the plaintiff expressly refused to warrant the soundness of the mule, then you should find for the plaintiff, even if you believe the mule was diseased when sold, and died of the same disease."

The motion was overruled, and defendants excepted.

O. Bower, by Z. D. Harrison, for plaintiffs in error.

No appearance for defendant.

Jackson, Justice.

Johnson sued the defendants on a promissory note for a mule, due in the fall of the year. They put in a special defense to the effect that though the soundness of the mule was not warranted, strictly speaking, yet the consideration had wholly failed in that plaintiff agreed to substitute another mule worth the agreed price of this one, if this did not live to make the crop of the year—that this did not so live, but died in a short time of a disease he had when bought, and was utterly worthless.

Whereupon the court in its charge ignored this defense, but ruled, and so said to the jury, that " if plaintiff expressly refused to warrant the soundness of the mule, then you should find for the plaintiff, even if you believe the mule was diseased when sold and died of the same disease." Under this charge the jury found for plaintiff, and the court refusing a new trial, defendants excepted.

1. It may be questioned whether plaintiff could recover at all on the note or contract in writing, under the facts. The title to the mule was in plaintiff when the animal died, and whether he could recover the price of a chattel which was his when it was destroyed without fault of anybody, is a serious question. We prefer not to pass upon it without further light, as the view we take of the case disposes of it

otherwise, and we merely suggest the question in the first head-note.

2. We are clear, however, that the case was not tried on the real issue. If the facts be as set up by defendants, there ought to be no recovery, because the plaintiff has not complied with the consideration on which the note was given, and the same has totally failed. According to the defendants' plea and proof the plaintiff's agent guaranteed that the mule would live to make a crop, and if it did not that he would furnish a mule as valuable in lieu of the one bargained, if it died. It did die, and died of a disease it had when sold, before the crop was made, and was wholly worthless, according to defendants' plea and his evidence; and defendants had the right to have that issue go to the jury, which the court's charge took away from them. The evidence is certainly strong enough for defendants to entitle them to go to the jury on the issue thus made. Indeed the facts are hardly denied by the plaintiff's agent who made the trade, and should certainly have been passed upon, to say the least.

We think, therefore, that the court erred in overruling defendants' motion for a new trial on the ground that the charge was erroneous, as indicated above and in the syllabus.

Judgment reversed.